IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JAMES R. CRANMER #00503201,** ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 3:16-cv-00725 |
| v. ) | |
| ) | Chief Judge Sharp |
| **DEBRA JOHNSON,** ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner James R. Cranmer, a state prisoner serving an effective sentence of fifteen years for one count of second degree murder, one count of attempted second degree murder and two counts of reckless aggravated assault, has filed a *pro se* petition under 28 U.S.C. § 2254 for the writ of habeas corpus. (ECF No. 1.) Respondent has filed an answer, along with a copy of portions of the state court record. (ECF Nos. 13, 15, 20.)

For the reasons set forth in the accompanying Memorandum Opinion, Petitioner is not entitled to relief under § 2254 on any of his claims. Accordingly, the petition is hereby **DENIED** and this action is **DISMISSED** with prejudice.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. A petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R.App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and internal quotation marks omitted). "[A] COA

does not require a showing that the appeal will succeed," *Miller–El*, 537 U.S. at 337, but courts should not issue a COA as a matter of course. *Id.*

Because reasonable jurists could not debate whether Petitioner is entitled to relief on any of his claims, the Court **DENIES** a certificate of appealability. Petitioner may still seek a COA directly from the Sixth Circuit Court of Appeals. Rule 11(a), Rules Gov'g § 2254 Cases.

It is so **ORDERED**.

_____
Kevin H. Sharp, Chief Judge
United States District Court